UNITED STATES
v.
PEDRO M. FLORES

Criminal No. 16-1946

District Court of the Virgin Islands

Div. of St. Thomas and St. John at
Charlotte Amalie

April 8, 1946

*See, also, 66 F. Supp. 880*

JAMES A. BOUGH, U. S. Attorney, and CROXTON WIL-
LIAMS, Asst. U. S. Attorney, both of St. Thomas, Virgin
Islands, *for the United States.*

GEORGE H. T. DUDLEY, St. Thomas, Virgin Islands, *for
defendant.*

MOORE, *Judge*

This matter came on for hearing on April 8, 1946, on a
charge of violation of the federal statute, sec. 415, Title
18 U.S.C.█, which provides as follows: "Whoever shall

transport or cause to be transported in interstate or foreign commerce, any goods, wares, or merchandise, securities, or money, of the value of $5,000 or more theretofore stolen, feloniously converted, or taken feloniously by fraud or with intent to steal or purloin, knowing the same to have been so stolen, feloniously converted, or taken, or whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited, or whoever with unlawful or fraudulent intent shall transport, or cause to be transported in interstate or foreign commerce, any bed piece, bed plate, roll, plate, die, seal, stone, type, or other tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security, or any part thereof, shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both: . . . "the pertinent part of which is: ". . . whoever with unlawful or fraudulent intent shall transport or cause to be transported in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited . . . shall be punished by a fine of not more than $10,000 or by imprisonment for not more than ten years, or both."

At the request of the defendant, a jury was duly impanelled and sworn to try the issues of the case. Both sides presented evidence to the jury. The evidence as presented, and uncontradicted by both sides, was as follows:

That on December 15, 1945, the defendant went into the drug store of A. H. Riise in St. Thomas, Virgin Islands, to purchase a pipe; that he told the proprietor of the said A. H. Riise's drug store that he did not have any money and asked him if he would cash a check in the amount

of $10 which the said proprietor agreed to do. Whereupon, the defendant drew the check in the sum of $10 drawn upon the Bank of Ponce in Puerto Rico. The said proprietor then allowed the defendant to have the pipe plus the difference in money and accepted the said check. Later, the proprietor deposited the said check, in due course of business, in the Virgin Islands National Bank in St. Thomas, Virgin Islands. The Virgin Islands National Bank then, in due course of business, sent the said check to their correspondent, the National City Bank in San Juan, Puerto Rico. The check was subsequently returned to the Virgin Islands National Bank by the National City Bank of Puerto Rico from the Bank of Ponce, with the following notation: "Has no account in this central office."

The evidence further shows that the bank of Ponce had a branch bank in San Juan, Puerto Rico, in which bank this defendant had a previous account as high as $20,000; that the said account had been closed on November 30, 1945 with the cashing of a check in the amount of $10, dated November 27, 1945, which was sent in to the Bank of Ponce by a hotel in Puerto Rico and to whom this defendant had given the said check. Consequently, his account in the Bank of Ponce, branch in San Juan, showed a balance of zero when the instant check was drawn.

It was the contention of the prosecution that the check made in St. Thomas on December 15, 1945, was made with the intention to defraud, the defendant knowing that he no longer had money in the San Juan branch of the Bank of Ponce. It was the contention of the defense that the defendant still believed that he had a balance in the Bank of Ponce and, therefore, did not wilfully and maliciously cash this check intending to defraud. This was clearly a matter for the jury to decide. However, at the conclusion of the evidence, counsel for the defense made a motion that the Court dismiss the jury and find the defendant not

guilty, upon the grounds that the prosecution had failed to substantiate the charge under section 415, Title 18, of the U.S.C., citing as authority therefor the case of United States v. Wood, D. C., 58 F. Supp. 451, 452.

The Court proceeded to hear this motion, and upon the conclusion of the argument of the motion, defense counsel offered to waive any objection to an amendment of the complaint to one charging a violation of the local statute instead of the present charge of a violation of the federal statute, inasmuch as the jury had already been sworn and all of the evidence had been taken, thus alleviating the necessity of another trial. This offer the district attorney refused, and declined to amend the charge to one under the local statute, electing to stand upon the charge as made under the federal statute.

Section 12, chap. 10, page 324, of the local statute of St. Thomas and St. John (1921 Code, Title IV; 14 V.I.C. § 791), provides that: "Every person who, with intent to defraud another, falsely makes, alters, forges, or counterfeits any . . . check . . . is guilty of forgery."

Section 15 of the said statute (1921 Code, Title IV; 14 V.I.C. § 791), provides that: "Forgery is punishable by imprisonment in the penitentiary for not exceeding fifteen years."

In view of the district attorney's refusal to amend the complaint to a charge under the local statute and his election to stand upon the charge under the federal statute, the Court now considers the question of whether or not a case has been made out under the United States statute, supra.

This court has read very carefully the decision in the case of United States v. Wood, supra, which holds that the cashing of bad checks drawn upon a bank in another state, though under circumstances which strongly indicate that the check will eventually be sent in interstate

commerce, is not an offense under the federal statute.

For the sake of this opinion we will assume the contention of the prosecution that this check was cashed and passed with intention to defraud and that the defendant knew that he did not have sufficient money to cover the same, or, in other words, that the defendant knew that it was a bad check. The Wood case cited supra deals identically with that situation.

The court, in the Wood case, says: "It also seems to me, even without a decision from our highest Court that Congress never intended, when it enacted the Statute in question, to make the Federal Judiciary a collection agency for bad checks. The injured hotel has a complete and adequate remedy under the State criminal laws. Under the law of West Virginia there is nothing to prevent the Hotel Windsor from swearing out a warrant and causing the prosecution of the defendant here in the State tribunals. I can see no reason why the Federal Courts should be burdened with matters of this kind. If prosecutions of this nature were sustained, any person, giving a bad check upon a foreign bank, regardless of amount, whether for $1 or $5, would be subject to Federal prosecution, and the District Courts would be turned into police or justice of the peace courts."

The court said further in its opinion in that case:

"No case has been cited, nor have I been able to find any case directly in point, and counsel for the Government, in oral argument, stated that this is the first time the question has been presented to a Court. Boiled down to its simplest terms this question is, does the cashing of a bad check, drawn upon a bank in another State, constitute a violation of the statute? An analogous question, involving an indictment for use of the mails to defraud, was presented in the case of Kann v. United States, 65 S. Ct. 148 [323 U.S. 88, 89 L. Ed. 88]. This case holds

that the mere clearing through the mails of checks, representing the proceeds of a fraudulent scheme after they have been cashed and are in the hands of a holder in due course, is not a part of the execution of the scheme to defraud so as to sustain a prosecution for using the mails to defraud.

"It is my opinion that by analogy the cashing of a bad check, even under circumstances which strongly indicate that the check will eventually be sent in interstate commerce, is not an offense under the Statute concerned here, and on the authority of the Kann case, I feel that the demurrer to the indictment and bill of particulars should be sustained."

The Wood case, supra, was the only case cited. The district attorney stated in oral argument that he had no other citations to offer.

In view of that case, therefore, this court is of the opinion that the check in the instant case drawn and cashed by this defendant is not a "forged" or "falsely made" "security" transported or caused to be transported by the defendant in interstate commerce within the meaning of section 415, Title 18 U.S.C.

This court is therefore of the opinion that the charge should have been brought under the local statute, and that no charge has been made out which brings this case under the purview of the federal statute.

The Court, therefore, finds that the defendant, Pedro Manuel Flores, under the evidence as adduced, is not guilty of a violation of the federal statute as charged.

It is therefore ordered that the motion is sustained and the defendant is discharged from custody.