## BECKER et al. v. ANGLE et al.

### No. 3506.

Circuit Court of Appeals, Tenth Circuit.

Nov. 15, 1947.

---

Arnold T. Fleig, of Oklahoma City, Okl., for appellants.

M. W. McKenzie, of Oklahoma City, Okl. (H. Barney Crawford, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The first question on this appeal is whether there is jurisdictional diversity of citizenship and amount in controversy.

The trial court first considered and decided the case adversely to the complainants (appellants here) on its merits. But, it also held that neither requisite diversity of citizenship nor amount in controversy was shown to exist. Of course, if either of these jurisdictional prerequisites is lacking, the court was without jurisdiction of the subject matter, and we therefore need not consider the correctness of its decision on the merits.

The complaint affirmatively alleges that all the complainants are citizens of the state of Illinois, and the defendants and each of them, citizens and residents of the state of Oklahoma; that the amount in controversy exceeds $3,000 exclusive of interest and costs. Some of the named defendants did not answer, and are in default. Some specifically denied that the amount in controversy exceeded the sum of $3,000, while other answering defendants denied all the allegations in the complaint and demanded proof. On the commencement of trial, the parties stipulated and agreed that the complainants were citizens and residents of the state of Illinois and that the matter in controversy, exclusive of interest and costs, exceeded the sum of $3,000, but they did not stipulate that all of the defendants were residents of Oklahoma, or non-residents of the state of Illinois—an essential jurisdictional fact. No other proof was offered to show the residence of the twenty-two defendants, who could not be found in Oklahoma, and were in default.

The Act of March 3, 1875, c. 137, § 5, 18 Stat. 472, Judicial Code, Section 37, 28 U.S.C.A. § 80, places upon the trial court the duty of enforcing the statutory limitations upon its jurisdiction, and authorizes the court to inquire into the jurisdictional facts and to dismiss or remand the case if lack of jurisdiction appears. McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 56 S.Ct. 780,.785, 80 L.Ed. 1135.

One, who invokes the jurisdiction of the court must not only allege the jurisdictional facts, but he has the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof and where they are not so challenged, the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General Motors Acceptance Corp., supra. See also Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951; Kvos, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183.

The court found that the complainants were citizens and residents of the state of Illinois and that all answering defendants were citizens of Oklahoma, but that the other defendants had not been found in

Oklahoma after, according to complainants' affidavit, diligent efforts had been made to ascertain their whereabouts, and that no evidence was offered to show the residence of any unknown defendants.

■ If the unanswering and unknown defendants were merely nominal defendants against whom no relief was sought, failure to show their residence or citizenship would not deprive the court of jurisdiction, because in determining the question of diversity we look to the citizenship of the real parties in interest—not nominal parties with no real interest in the controversy. See Hann v. City of Clinton, 10 Cir., 131 F.2d 978. But, here the unanswering and unknown defendants are real and necessary parties to the suit. The complainants are seeking the same relief against them as against the answering defendants. It follows that diversity of citizenship between the complainants and these unanswering and unknown parties is equally essential to the jurisdiction of the court as diversity between complainants and the answering defendants. This jurisdictional fact not having been affirmatively shown, the court was without jurisdiction of the subject matter. It thus becomes unnecessary for us to consider the question of the amount in controversy and inappropriate to consider the merits of the case.

The judgment is affirmed.