**Ludene BRANDI and Robert Brandi d/b/a Precision Systems Furniture Refurbishing, Plaintiffs,**

v.

**BELGER CARTAGE SERVICE, INC., Valley Transportation and Warehouse Co., Inc., d/b/a Valley North American, North American Van Lines, Inc., and Professional Transportation Brokers, Inc., Defendants.**

Civ. A. No. 93–2134–GTV.

United States District Court, D. Kansas.

Jan. 13, 1994.

Edward L. Bigus, Overland Park, KS, Lawrence W. Bigus, Kenneth E. Bigus, Kansas City, MO, for plaintiffs.

Kent M. Bevan, Frank W. Taylor, Patrick K. McMonigle, Brian Schmidt, Dysart, Taylor, Penner, Lay & Lewandoski, Kansas City, MO, for Belger Cartage Service, Inc.

Anthony F. Rupp, Charles J. Hyland, Shughart, Thomson & Kilroy, Overland Park,

KS, for Valley Transp. and Warehouse Co., Inc., North American Van Lines, Inc.

Tim S. Haverty, Tamara Wilson Setser, Hillix, Brewer, Hoffhaus, Whittaker & Wright, Kansas City, MO, for Professional Transp. Brokers, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on the Motion to Dismiss (Doc. 31) filed by Defendant Professional Transportation Brokers [hereinafter Professional]. Plaintiffs have responded and oppose the motion. In its motion, defendant Professional moves the court to dismiss the complaint filed against it for lack of personal jurisdiction and subject matter jurisdiction. For the reasons stated in this memorandum and order, the motion is denied.

Professional contends that it would violate the limitations of due process for this court to exercise personal jurisdiction over it, as well as fail to comport with the provisions of the Kansas long-arm statute. Additionally, Professional contends that the court should decline to exercise its supplemental subject matter jurisdiction over Professional because plaintiffs' claims against Professional are based solely on state law and are not so related to the federal question claims asserted by plaintiffs against other defendants as to warrant the exercise of supplemental jurisdiction.

### I. Personal Jurisdiction

■■■ The principles followed in evaluating a motion to dismiss for lack of personal jurisdiction have often been restated by courts in this district. The plaintiff has the burden of establishing personal jurisdiction over a defendant, but the burden of proof varies depending upon the procedure used to determine the issue. The district court has discretion to consider a motion to dismiss for lack of jurisdiction on the basis of affidavits and other written materials. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992) (citations omitted). If a motion to dismiss for lack of jurisdiction is submitted prior to trial on the basis of affidavits and other written materi-

als, a plaintiff is initially required only to make a prima facie showing to avoid dismissal. *Id.; Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130 (10th Cir. 1991); *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). In the present case, affidavits have been submitted to the court by all parties.

■■■ The allegations set forth in the complaint must be accepted as true to the extent they are not controverted by the defendant's affidavits. *Williams v. Bowman Livestock Equip. Co.,* 927 F.2d at 1130–31 (quoting *Behagen v. Amateur Basketball Ass'n,* 744 F.2d at 733). "However, only the well-pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Ten Mile High Indus. Park v. Western Plains Service Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987) (citing *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976)). The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading. *Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir.1989) (citing *Becker v. Angle,* 165 F.2d 140, 141 (10th Cir.1947)).

■■■ If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing will withstand a contrary presentation by the party moving to dismiss for lack of personal jurisdiction. *Williams,* 927 F.2d at 1130–31; *Behagen,* 744 F.2d at 733. However, to be sufficient to put the contested facts in issue, affidavits submitted in support of or in opposition to motions to dismiss for lack of jurisdiction must comply with the requirements of Fed.R.Civ.P. 56(e), i.e., they must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. *See Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d at 175 & n. 6.; *Thompson v. Chambers,* 804 F.Supp. 188, 191 (D.Kan.1992).

As established by the affidavits, the context in which plaintiffs' claims against Professional arose and the critical jurisdictional facts, construed in favor of the plaintiffs, are as follows. Professional is a Colorado corporation with its principal place of business in Colorado. Professional is engaged in the business of arranging for the interstate shipment of property by motor carrier throughout the continental United States. Professional occasionally arranges for the shipment of freight to, from, and through the state of Kansas. However, Professional does not have an office in the state of Kansas, is not authorized to do business in the state of Kansas, owns no property in the state of Kansas, and does not advertise in the state of Kansas.

Professional was contacted by the plaintiffs concerning the transportation of some office furniture from the state of Missouri to the state of Colorado. The arrangements relating to the property were made between plaintiff Ludene Brandi and Thomas Paradis, president of Professional. Plaintiff requested that Professional obtain insurance for the full value of the freight, and Professional represented that it maintained such insurance.

As part of Professional's service to plaintiffs, Paradis contacted co-defendant Valley Transportation and Warehouse Co., Inc., in the state of Arizona to transport the freight in question. The freight was damaged during shipment and while in the state of Kansas. Professional had not secured appropriate insurance for the freight and plaintiffs filed the instant lawsuit.

■ A federal court in a diversity action[1] determines whether personal jurisdiction over nonresident defendants is obtainable under the law of the forum state. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1988). In Kansas, the issue of personal jurisdiction is determined from a two-step analysis. First, the court assesses whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, K.S.A. § 60–308(b). Second, it is decided whether the exercise of jurisdiction comports with due process requirements. *Slawson v. Hair*, 716 F.Supp. 1373, 1375 (D.Kan.1989).

The Kansas courts have liberally interpreted the Kansas long-arm statute to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir.1990) (citing *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 777, 740 P.2d 1089 (1987)). Therefore, the inquiry into the applicability of the Kansas long-arm statute and due process requirements are essentially the same. For purposes of clarity, however, the court notes that sections (b)(1), (2), and (11) of the long-arm statute could provide for service of process on Professional in the present case. K.S.A. § 60–308(b).

■ The exercise of personal jurisdiction over a nonresident defendant will satisfy due process if the defendant had certain "minimum contacts" with the forum state such that the prosecution of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In order to evaluate whether exercise of personal jurisdiction over Professional in the present case comports with due process, the court will engage in a two-part inquiry to determine (1) whether Professional has minimum contacts with the forum state of Kansas, and (2) whether the exercise of jurisdiction offends traditional notions of fair play and substantial justice.

---

1. The present case is not a diversity jurisdiction case, but is instead a case which arises under the laws of the United States. Specifically, plaintiffs' claims against common carrier defendants Belger Cartage Services, Valley North American, and North American Van Lines are brought pursuant to 49 U.S.C. § 11707. Plaintiffs claims against Professional are state-law based claims for negligence and breach of contract and are brought in this action pursuant to the court's supplemental jurisdiction. The court concludes that the principles used by courts to determine whether personal jurisdiction exists over nonresident defendants in a diversity case also apply to the present case where plaintiff and defendant are residents of the same state, but both are nonresidents of the forum state.

■ To have minimum contacts, the defendant must have fair warning of being subject to jurisdiction—that is, the defendant's activities are "purposefully directed at residents of the forum and the litigation arises from or relates to those activities." *Burger King v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). A second aspect of minimum contacts is foreseeability. Courts generally express the foreseeability factor as whether the defendant's conduct and connection with the forum state is such that the defendant should reasonably anticipate being haled into court in the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Under the minimum contacts analysis, a court must look to the "quality and nature" of a defendant's activity to determine whether it is both "reasonable" and "fair" to require the defendant to conduct his or her defense in the forum state. *Thermal Insulation Sys. v. Ark–Seal Corp.,* 508 F.Supp. 434, 442 (D.Kan.1980). In every case there must be some act by which the defendant purposefully avails himself or herself of the privilege of conducting business or other activities in the forum state, thus invoking the benefits and protections of the laws. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183; *see Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Actual physical contacts by a defendant with the forum state are not required, however. *Pedi–Bares, Inc. v. P & C Food Markets, Inc.,* 567 F.2d 933 (10th Cir.1977); *Rosedale State Bank & Trust Co. v. Stringer,* 2 Kan. App.2d 331, 333, 579 P.2d 158 (1978).

■ In the present case, based upon the jurisdictional facts enumerated earlier in this memorandum and order, the court concludes that defendant Professional's relevant contacts with Kansas include: (1) contracting with plaintiff to arrange the transport of goods from Kansas City, Missouri to Colorado (across the state of Kansas); and (2) arranging, on other occasions, for the shipment of goods to, from, and through the state of Kansas. Because the court does not know the extent to which Professional arranged for the shipment of goods to, from, and through Kansas on occasions other than that involved in the present case, the court will address only (1) above. Jurisdiction may properly be based on a single transaction if that transaction gives rise to a cause of action. *Brown v. American Broadcasting Co.,* 704 F.2d 1296, 1302 (4th Cir.1983).

Defendant argues that it has taken no steps to purposefully avail itself of the privilege of conducting any activities within the state of Kansas, and that it could not reasonably have foreseen that it would be called upon to litigate in the state of Kansas claims concerning its contract for shipment of freight from Missouri to Colorado. Further, Professional argues that plaintiffs are not Kansas residents and there thus exists no need for Kansas to provide a forum for this dispute. Finally, Professional contends that even if minimum contacts with Kansas exist, other factors such as the burden on Professional to litigate in Kansas direct a conclusion that the assertion of personal jurisdiction over Professional in this case would offend notions of fair play and substantial justice.

In response, plaintiffs contend that Professional should have reasonably foreseen that the goods in question might be damaged in the state of Kansas since the only direct route from Missouri to Colorado is across Kansas. Thus, Professional should have foreseen being haled into court in Kansas for litigation in connection with such damaged freight. Plaintiffs also contend that arranging for transport of freight through Kansas is a purposeful direction of Professional's activities into the state. Additionally, plaintiffs argue that any burden on Professional to litigate these claims in Kansas will be minimal, particularly in comparison to the burden plaintiff would face if it were forced to litigate two separate actions on its claims related to the freight that was damaged in Kansas.

The court concludes that Professional's contacts with the state of Kansas concerning the transport of plaintiff's freight are sufficient to meet the requirements of due process. The court is particularly cognizant of the fact that, given the nationwide nature of Professional's transportation brokerage ser-

vice, it should certainly have foreseen the possibility of litigation arising in a state through which it had arranged for the shipment of goods. Professional must have been aware that goods being transported from Kansas City, Missouri to Colorado would travel through Kansas en route. That the goods might become damaged and result in litigation should have also been foreseen. As other courts have noted, foreseeability of being haled into court in a particular state is a touchstone of constitutional due process. *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183.

Moreover, the court concludes that given the nature of the transportation brokering business, it is fair and reasonable to require lesser contacts than might otherwise be required to comport with the requirements of due process. In *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1010 (5th Cir.1982), the Court of Appeals for the Fifth Circuit noted that "it is hardly surprising that the [broker] defendant's contacts with any single jurisdiction are comparatively fleeting and slight." The Fifth Circuit went on to conclude that to hold otherwise than that lesser contacts are required of an interstate trucking brokerage service would "tend to immunize from suit by anyone with whom they do business, in any but their home jurisdiction, those engaged in nationwide commercial activity in other jurisdictions primarily by telephone or through the mails." *Id.* When a business is engaged in brokering transportation services "[t]he expectation is far from unreasonable that such activity could lead to litigation in a distant forum . . . ." *Id.* Knowingly arranging for the transport of goods through the state of Kansas is sufficient minimum contact with the state.

In its brief in support of the motion to dismiss, Professional argues that the claims asserted against Professional are based upon acts which bear no relationship to the state of Kansas. As they appear in the complaint, plaintiffs' claims appear to be for breach of contract and negligence, both of which arose from Professional's alleged failure to procure insurance on the freight that was damaged in Kansas. Although these claims are some-

what different in nature from plaintiffs' damage claims against the other defendants, the claims against Professional are connected with the same accident and are thus related to Professional's shipping of freight through Kansas. *See Thompson v. Chambers*, 804 F.Supp. 188, 195 (D.Kan.1992) (relief must arise from *or be connected with* an act or transaction in the forum state).

▮ In addition to concluding that minimum contacts with Kansas exist, the court also determines that notions of fair play and substantial justice lead to a conclusion that the assertion of personal jurisdiction over Professional is not unjust. In deciding whether the exercise of personal jurisdiction comports with fair play and substantial justice, the court may consider such factors as the burden on the defendant to litigate in a distant forum, plaintiffs' interest in convenient and effective relief, and judicial efficiency. *Equifax*, 905 F.2d at 1359. The court finds the burden that Colorado resident Professional would face in litigating these claims in Kansas to be outweighed by the burden plaintiffs would face if they were forced to litigate two lawsuits—one in Kansas and one in Colorado—regarding the freight that was damaged in Kansas. The burden on this defendant to litigate in the neighboring state of Kansas is not unduly onerous given the national scope of defendant's business.

For the foregoing reasons, the court concludes that plaintiff has made a prima facie showing that personal jurisdiction over Professional is proper in the present case.

## II. Subject Matter Jurisdiction

In its motion to dismiss, defendant Professional also contends that this court should decline to exercise its supplemental jurisdiction over plaintiffs' claims against Professional because they are not substantially related to plaintiffs' federal question claims against other defendants in this action. 28 U.S.C. § 1367 permits a federal court to exercise original jurisdiction over claims which are "so related to claims in the actions" within the court's original jurisdiction "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). The exer-

cise of supplemental jurisdiction lies within the court's discretion. *Baker v. Board of Regents of the State of Kansas,* 991 F.2d 628, 634 (10th Cir.1993).

Here, plaintiffs' claims for damage to its freight are brought against defendants Belger Cartage Services, Valley North American, and North American Van Lines are brought pursuant to 49 U.S.C. § 11707 because these defendants are common carriers as defined by the statute. Plaintiffs claims against defendant Professional are state-law claims for negligence and breach of contract based upon Professional's alleged failure to secure insurance for that freight.

The court does not accept Professional's contention that the claims against it are unrelated to the claims against other defendants over which this court has federal question jurisdiction. All of plaintiffs' claims against the defendants accrued when plaintiffs' freight was damaged. Plaintiffs' claims against Professional for failure to procure insurance for the freight may be of a different nature than plaintiffs' claims against the other defendants for direct damage to the freight, but the court finds them sufficiently interrelated to warrant the exercise of supplemental jurisdiction. The claims arise from a "common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Defendant Professional's motion to dismiss based on lack of subject matter jurisdiction is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant Professional Transportation Brokers, Inc.'s Motion to Dismiss (Doc 31) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**