MORRISON COMPANY, INC., Plaintiff,

v.

WCCO BELTING, INC. and PrimeWood, Inc., Defendants.

No. 98–1164–JTM.

United States District Court, D. Kansas.

Jan. 11, 1999.

Michael B. Myers, Myers & Myers, Topeka, KS, Clarence E. Eriksen, Colin E. Erringrton, Tobor & Goldstein, Houston, TX, for plaintiff.

Paul S. McCausland, Young, Bogle, McCausland, Wells & Blanchard, Wichita, KS, Lester J. Savit, Jones, Day, Reavis & Pogue, Chicago, IL, for defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

WCCO Belting, Inc. ("WCCO") and Prime-Wood, Inc. ("PrimeWood") have filed a motion to dismiss Morrison's first amended complaint for improper venue and lack of personal jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(2) & (3). Morrison Company, Inc. ("Morrison") has filed a response to the motion, as well as a motion for leave to file a sur-reply to the defendants' reply in support of their motion to dismiss. The Court has reviewed and considered the parties' submissions and is prepared to rule.

As a preliminary matter, Morrison's motion for leave to file a sur-reply is granted. The Court disregarded those sections of the defendants' reply that discussed the merits of this action.

## I. Background.

Morrison's complaint alleges patent infringement and breach of settlement agreement. This is the second time Morrison has sued the defendants for infringement of U.S. Patent No. 4,371,580 ("the '580 patent"). It filed the first action in 1995. The parties resolved that dispute by a settlement agreement before Morrison filed an amended complaint, which added WCCO and PrimeWood as defendants.

The parties now are back on the same patent. WCCO and PrimeWood argue this Court lacks personal jurisdiction over them and that this district is an improper venue

for this action. Morrison contends that this Court may exercise general jurisdiction over the defendants, or in the alternative, that specific jurisdiction exists under the Kansas long arm statute. For the reasons set forth below, the Court finds that it lacks personal jurisdiction over the defendants and that venue is improper.

## II. General Jurisdiction.

■ This Court is bound by Federal Circuit law in deciding whether non-resident defendants accused of patent infringement are subject to personal jurisdiction. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed.Cir.1994). With regard to procedural matters that are unrelated to patent law, the Federal Circuit generally follows the guidance of the regional court of appeals. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1575 (Fed.Cir.1984). Consequently, Tenth Circuit law governs as to which party has the burden of proof and how factual disputes are resolved. According to Tenth Circuit precedent, Morrison has the burden to establish personal jurisdiction over WCCO and PrimeWood. *Federal Deposit Insurance Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). Based on the proof presented, the Court must apply the law to the facts as set forth in the affidavits and complaint, favoring Morrison where conflicts exist. *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987).

Morrison argues that the defendants' contacts with Kansas are sufficient to subject them to general jurisdiction. It claims WCCO has the following contacts in Kansas: (1) continuous and substantial sales of its products to Hay & Forage Industries in Hesston, since at least 1993; (2) continuous sales of its products to Shields Industries in Hutchinson since at least 1997; (3) a manufacturer's representative in Newton; (4) a sales representative for Kansas in 1995–1996, who was WCCO's employee; (5) sales calls on customers in Kansas three to four times a year; (6) direct shipment of its products to businesses in Kansas; (7) correspondence with customers in Kansas; (8) phone calls to/from customers in Kansas; and (9) sending its catalogs into Kansas.

Morrison claims PrimeWood has the following contacts in Kansas: (1) continuous and substantial sales of its products to Norcraft Cos., Inc. since about 1990; (2) continuous and substantial sales of its products to Grandview products and Woodcraft by Koch; (3) a sales representation agreement with Grow Enterprises whereby Grow would solicit business in Kansas; (4) soliciting business from potential customers in Kansas, including Industrial Millwork Corp. in Seneca; (5) correspondence with existing and potential customers in Kansas; (6) meetings with and visits to Kansas companies; and (7) phone calls to/from Kansas customers.

WCCO and PrimeWood claim the court has neither general jurisdiction, nor specific jurisdiction. Both WCCO and PrimeWood are North Dakota residents, having their principal places of business in Wahpeton, North Dakota. Neither maintains an office in Kansas, nor do they have any Kansas employees. Neither company has bank accounts or other tangible property (real or personal) in the state. Further, neither is registered to do business in Kansas, nor do they have a registered agent for service of process in Kansas. These assertions are backed by the affidavits of Donald Shorma, WCCO's president, and Thomas Botten, PrimeWood's chief operating officer.

The Due Process Clause of the Fourteenth Amendment limits the power of a state to exercise personal jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). "Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts' with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 414, 104 S.Ct. 1868 (quoting *International Shoe Co., v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). A court may exercise general jurisdiction over a nonresident defendant when the defendant's contacts with the forum state are sufficient to comport with due process. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. Such contacts are sufficient

if they constitute systematic and continuous general business contacts. *Id.* at 415–16, 104 S.Ct. 1868.

There is no hard and fast rule for determining what constitutes systematic and continuous contacts, but the Supreme Court has provided some guidance. *See id.* at 416–18, 104 S.Ct. 1868; *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 438, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The following contacts, taken together, have been found to satisfy due process: (1) maintaining an office in the forum state; (2) keeping company files and directing directors' meetings in that office; (3) carrying on correspondence relating to the business; (4) distributing salary checks drawn on active bank accounts located in the forum state; (5) engaging a bank from the forum state to act as transfer agent; and (6) supervising, from the forum state, policies dealing with the rehabilitation of the corporation's properties outside the forum state. *Perkins,* 342 U.S. at 438, 445, 72 S.Ct. 413.

In addition, the Supreme Court has also emphasized the following factors in determining whether to exercise general jurisdiction over a nonresident defendant: (1) being authorized to do business in the forum state; (2) having an agent for service of process within the forum; (3) selling products and soliciting business in the forum; (4) signing contracts; (5) recruiting employees from the forum state; and (6) owning real or personal property in the forum state. *Helicopteros,* 466 U.S. at 411, 104 S.Ct. 1868.

The Supreme Court found the following combination of contacts insufficient to assert general jurisdiction over a nonresident defendant: (1) sending the chief executive officer to the forum state for a contract negotiation session; (2) accepting into the defendant's New York bank account checks drawn on a bank from the forum state; (3) purchasing helicopters, equipment, and training services in the forum state for substantial sums; and (4) sending personnel to the forum state for training. *Id.* at 416, 104 S.Ct. 1868.

The Supreme Court's various opinions on the issue of general jurisdiction, "suggest[ ] very strongly that the threshold contacts required for general jurisdiction are very substantial, indeed." 4 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1067, at 298. Given that substantial threshold, this Court cannot assert general jurisdiction over WCCO and PrimeWood. Morrison places much emphasis on the defendants' sales to and correspondence with a limited number of customers in Kansas. Although both companies sell their products to Kansas companies and correspond with their customers, that is insufficient to allow this Court to exercise general jurisdiction. *See, e.g., Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240, 1242 (9th Cir.1984) ("[N]o court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert [general] jurisdiction."); *Harnischfeger Engineers, Inc. v. Uniflo Conveyor, Inc.,* 883 F.Supp. 608, 611–12 (D.Utah 1995) (finding no general jurisdiction over defendant who solicited business in and sold products to residents in the forum state); *Modern Mailers, Inc. v. Johnson & Quin, Inc.,* 844 F.Supp. 1048, 1052–55 (E.D.Pa.1994) (finding no general jurisdiction over corporation that sold over $230,000 of its products to approximately twenty-nine customers in the forum and who had sales representatives who included the forum in their territories).

Morrison also relies heavily on the fact that WCCO has an independent representative in Newton, Kansas, who represents the WCCO belting product line to potential customers in Kansas. Other courts have found that having salesmen located in the forum state is insufficient to warrant exercising general jurisdiction over defendants. *See, e.g., Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1198–1200 (4th Cir.1993) (finding no general jurisdiction over a defendant that employed 13 forum residents as sales representatives and one as district manager, held district meetings in the forum three times per year, held regional and national meetings twice per year, and sold $9 million to $13 million in products); *Glater v. Eli Lilly & Co.,* 744 F.2d 213, 216–17 (1st Cir.1984) (finding no general jurisdiction over defendant who advertised, employed 8 sales representatives, and sold products in the forum state); *Ratliff v. Cooper Labs., Inc.,* 444 F.2d 745, 748 (4th Cir.1971) (finding no general jurisdiction when the defendant did no more than

advertise and employ salesmen in the forum state).

Neither WCCO nor PrimeWood have a place of business in Kansas, they are not authorized to do business in Kansas, they do not have registered agents in Kansas, they have no employees in Kansas, and they do not own property in Kansas. All of these factors, as noted by the Supreme Court, weigh against exercising general jurisdiction in this case.

### III. Specific Jurisdiction.

■ With regard to specific jurisdiction, "[d]etermining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits the assertion of jurisdiction and whether assertion of personal jurisdiction violates federal due process." *Graphic Controls Corp. v. Utah Medical Prods.*, 149 F.3d 1382, 1385 (Fed.Cir.1998). In interpreting the meaning of state long-arm statutes, the court looks to the interpretations of the relevant state and federal courts, including those courts' determinations about whether such statutes are intended to reach to the limit of federal due process. *Id.* at 1386. In this case, the court looks to Kansas and the Tenth Circuit for guidance in interpreting the Kansas long-arm statute. However, because this case involves an alleged patent infringement, when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law applies, rather than regional circuit or state law. *3D Systems, Inc. v. Aarotech Laboratories, Inc.*, 160 F.3d 1373, 1376, 1998 WL 789842 (Fed. Cir.1998).

■ Morrison cannot satisfy the first step of the Court's inquiry, *i.e.*, the Kansas long-arm statute does not provide a basis to assert personal jurisdiction over the defendants. Morrison contends two sections of the long-arm statute provide a basis for asserting jurisdiction, but the Court disagrees.

Morrison contends K.S.A. 60–308(b)(5), the contract provision, applies because of the parties' prior settlement agreement. This section may have applied if the settlement agreement was an independent ground for asserting subject matter jurisdiction, but Morrison admits this claim is based on sup-

plemental jurisdiction, pursuant to 28 U.S.C. § 1367. Therefore, K.S.A. 60–308(b)(5) does not provide the basis for specific jurisdiction.

Morrison also relies on K.S.A. 60–308(b)(2), the "committing a tortious act" provision of the long-arm statute, to establish specific jurisdiction. However, the Federal Circuit has made it clear that an action for patent infringement is not necessarily a tort, but rather a cause of action created and defined by statute. *North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed.Cir.1994). The Federal Circuit also held that as a matter of uniform federal patent law a "patent infringement occurs where allegedly infringing sales are made." *Id.* at 1578–79. Morrison argues that the "tort" of patent infringement occurs at the site of injury, *i.e.*, the patent holder's place of residence, rather than where the infringing sales are made. In light of the Federal Circuit's decision in *North American*, Morrison's argument is without merit.

Because Morrison is unable to reach the defendants through the Kansas long-arm statute, this Court is unable to exercise specific jurisdiction over the defendants. The Court cannot exercise general or specific jurisdiction over the defendants; therefore, the defendants' motion to dismiss for lack of personal jurisdiction is granted.

### IV. Venue.

■ WCCO and PrimeWood also seek to dismiss this case based on improper venue. Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b): "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In other words, if a defendant does not have a regular and established place of business in the forum state, it must "reside" there. *Id.* A corporate defendant is deemed to reside "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed.Cir.1990). Thus, venue is not proper unless the corpo-

rate defendant is subject to personal jurisdiction. *See North American*, 35 F.3d at 1577 n. 1 ("The venue issue is subsumed in the personal jurisdiction issue."). Because the Court has found that the defendants are not subject to personal jurisdiction in this district, venue is improper as well.

IT IS THEREFORE ORDERED this 8th day of January, 1999, that the defendant's motion to dismiss for lack of personal jurisdiction and improper venue (dkt. no. 14) is granted and plaintiff's motion for leave to file a sur–reply (dkt. no. 33) is granted, All other pending motions are overruled as moot.