**HODGDON POWDER COMPANY, INCORPORATED, Plaintiff,**

v.

**CLEAN SHOT TECHNOLOGIES, INCORPORATED, Defendant.**

**No. Civ.A. 992265GTV.**

United States District Court, D. Kansas.

March 21, 2000.

Joseph B. Bowman, Mauricio A. Uribe, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Hodgdon Powder Company, Inc., plaintiff.

Todd A. Norris, McAnany, Van Cleave & Phillips, P.A., Lenexa, KS, Carl A. Gallagher, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Rew R Goodenow, Marshall Hill Cassas & de Lipkau, Reno, NV, for Clean Shot Technologies, Inc., defendant.

## MEMORANDUM AND ORDER

VanBEBBER, District Judge.

This patent infringement case is before the court on defendant's motion to dismiss for improper venue or, alternatively, to change venue (Doc. 10). The court concludes that venue is not proper in the District of Kansas and dismisses the case.

### I. Statement of Facts

Plaintiff is a Kansas corporation with its principal place of business in Shawnee Mission, Kansas. Defendant is a Delaware corporation with its principal place of business in Boca Raton, Florida. Plaintiff is the owner of United States Patent No. 5,726,378, issued March 10, 1998. That patent is directed toward an invention entitled "Unitary Propellant Charge for Muzzle Loading Firearms." Plaintiff alleges that defendant has infringed its patent by manufacturing unitary propellant pellets designed for muzzle loading firearms and using or selling them under the mark of "Quick Shots."

### II. Standard for Judgment

The standard for deciding a motion to dismiss for improper venue is generally the same as that for deciding a motion to dismiss for lack of personal jurisdiction. *See Snyder Indus., Inc. v. Clawson Container Co.*, 991 F.Supp. 1279, 1280 (D.Kan.1998); *Electronic Realty Assocs. v. Paramount Pictures Corp.*, 935 F.Supp. 1172, 1175 (D.Kan.1996). The standard

that governs a motion to dismiss for lack of personal jurisdiction is well-established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *See Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130–31 (10th Cir. 1991).

### III. Discussion

■ Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b). That section provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." A corporate defendant is deemed to reside in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, for venue to be proper, the defendant must either have a regular and established place of business in the forum state (as well as have committed acts of infringement in the forum state), or reside (i.e., be subject to personal jurisdiction) in the forum state.

In this case, it is undisputed that defendant does not have a regular and established place of business in Kansas. For venue to be proper, defendant must be subject to personal jurisdiction in Kansas.

■ Determining whether personal jurisdiction exists over a defendant involves a two-step inquiry: 1) whether the forum state's long-arm statute permits the assertion of jurisdiction, and 2) whether exercise of personal jurisdiction comports with due process. *See HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 (Fed.Cir. 1999).[1] Plaintiff argues that personal jurisdiction is proper under subsection (7) of the Kansas long-arm statute, K.S.A. § 60–308(b), which provides:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> ... (7) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, material or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use; ...

Plaintiff argues that personal jurisdiction is appropriate under K.S.A. § 60–308(b)(7) because "[d]efendant manufactured products [that] caused an infringing injury within this state." The Kansas Supreme

1. This court is bound by Federal Circuit law in a patent infringement case in deciding whether a defendant is subject to personal jurisdiction. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1568 (Fed. Cir.1994). "With regard to procedural matters that are unrelated to patent law, the Federal Circuit generally follows the guidance of the regional court of appeals." *Morrison Co., Inc. v. WCCO Belting, Inc.,* 35 F.Supp.2d 1293, 1294 (D.Kan.1999) (citing *Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1575 (Fed.Cir.1984)). The court, therefore, looks to Tenth Circuit law to determine which party bears the burden of proof and how factual disputes are to be resolved, and Federal Circuit law to determine if the defendant can be subject to the personal jurisdiction of this court.

Court has held, however, that K.S.A. § 60–308(b)(7) is limited to products liability cases. *See Ling v. Jan's Liquors,* 237 Kan. 629, 703 P.2d 731, 733 (1985). The case before the court is not a products liability case; it is a patent infringement case.

■ As previously noted, plaintiff bears the burden of establishing proper venue. Plaintiff, therefore, must establish that personal jurisdiction is proper under K.S.A. § 60–308(b). Courts have dismissed cases for failure to do so. *See, e.g., Morrison Co., Inc. v. WCCO Belting, Inc.,* 35 F.Supp.2d 1293 (D.Kan.1999); *Anguish v. Seymour Mann, Inc.,* 826 F.Supp. 401 (1993). Plaintiff has failed to meet its burden in this case. Because the long-arm statute has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause, the court will evaluate the personal jurisdiction issue with respect to due process as well. *See Pehr v. Sunbeam Plastics Corp.,* 874 F.Supp. 317 (D.Kan. 1995); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.,* 17 F.3d 1302, 1305 (10th Cir.1994).

■ Due process requires that a defendant have certain minimum contacts with the forum state sufficient to guarantee that the assertion of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). " 'Minimum contacts' is understood to require that a defendant has 'purposely availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " *Viam Corp. v. Iowa Export–Import Trading Co.,* 84 F.3d 424, 428 (Fed.Cir.1996) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

■ Plaintiff's complaint summarily alleges that defendant "has infringed [p]laintiff's patent by making, using or selling unitary propellant charges for muzzle loading firearms in accordance with the patented invention"; plaintiff's complaint is completely silent, however, concerning any of defendant's activities with respect to the State of Kansas. In its response brief to defendant's motion to dismiss, plaintiff alleges that defendant "promotes and sells its [infringing product] throughout the entire United States via distributors, a toll free telephone number and via an Internet web site." Furthermore, plaintiff states, "Defendant's deliberate actions in selling an infringing product in the State of Kansas subject it to personal jurisdiction in Kansas, and subsequently, makes venue appropriate in United States District Court for the District of Kansas." Plaintiff offers no affidavits or other proof to support its assertions. This court is unwilling to assert personal jurisdiction over defendant solely on the basis of unsupported contentions included in plaintiff's memorandum. *See Wessinger v. Vetter Corp.,* 685 F.Supp. 769 (D.Kan.1987) ("We are unwilling to assert personal jurisdiction merely on the basis of unsupported contentions included in a memorandum.").

Defendant, however, states in its motion to dismiss or change venue that

[defendant] sells its products primarily through unaffiliated distributors who purchase products by contacting [defendant] at its offices in Florida. [Defendant] also sells products through an 800 number telephone ordering system operated in Florida.... [Defendant] has no business address in Kansas. It has no salespersons located in Kansas. Its products are, however, sold in Kansas, through various retail businesses having no connection to [defendant].

Although defendant does not explicitly state that its allegedly infringing product is sold in Kansas, its blanket statement—that its products are sold in Kansas through various retail businesses—can be interpreted to mean that all of its products, including its allegedly infringing product, are sold in Kansas. On this basis, the court continues its inquiry.

Plaintiff argues, "Because [defendant] has purposefully injected its [infringing

product] into the stream of commerce with the knowledge of sales and benefits within the state of Kansas, venue is proper in this Court." The Federal Circuit adopted the "stream of commerce" theory in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed.Cir.1994). Under that theory, a defendant has sufficient minimum contacts with a forum state when it voluntarily places infringing articles into the stream of commerce while conscious that they are destined for the state. *See North American Philips Corp. v. American Vending Sales, Inc.*, 35 F.3d 1576, 1580 (Fed.Cir.1994). Moreover, a defendant has sufficient minimum contacts with a forum state when it continuously ships infringing products into the state through an established distribution channel. *See Beverly Hills Fan Co.*, 21 F.3d at 1568.

In this case, however, there is no evidence that defendant placed its allegedly infringing product into the stream of commerce with any knowledge that it would eventually end up for sale in Kansas. Neither is there any evidence that defendant continuously shipped its allegedly infringing product into Kansas through an established distribution channel. The only evidence before the court is that defendant's products are "sold in Kansas, through various retail businesses having no connection to [defendant]." This evidence is insufficient to establish personal jurisdiction.

The court concludes that it does not have personal jurisdiction over defendant and, therefore, venue does not lie in this district.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss for improper venue (Doc. 10) is granted, and the case is dismissed.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**