**KING VISION PAY–PER–VIEW LTD., Plaintiff,**

v.

**SPICE RESTAURANT & LOUNGE, INC. d/b/a Spice Restaurant & Lounge, Joe Robinson, and Bobby Carpenter, Defendants.**

**Civil Action No. 01–2197–CM.**

United States District Court, D. Kansas.

Jan. 21, 2003.

F. Russell Peterson, Hardee & Peterson, LLC, Overland Park, KS, for plaintiff.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This case arises out of defendants' allegedly willful and illegal interception and misappropriation of a closed circuit exhibition of the November 13, 1999 boxing match between Evander Holyfield and Lennox Lewis. Plaintiff asserts that it possessed the proprietary rights to exhibit and sublicense the right to exhibit the closed-circuit telecast of the November 13, 1999 event. Plaintiff contends that defendants unlawfully intercepted the transmission of this event and made it available to patrons of defendants' establishment, all in violation of 47 U.S.C. §§ 553 and 605.

Pending before the court is plaintiff King Vision Pay Per View, Ltd.'s motion for default judgment. Plaintiff asks the court to enter default judgment against defendants Joe Robinson and Bobby Car-

penter. As set forth below, plaintiff's motion is granted in part.

Also pending before the court is the show cause order directed toward plaintiff and entered in this case on September 13, 2001. As further set forth below, plaintiff's claims asserted against defendant Spice Restaurant & Lounge are dismissed for lack of prosecution.

● **Procedural Background**

Plaintiff filed this case on April 23, 2001, naming Spice Restaurant & Lounge, Inc., Joe Robinson, and Bobby Carpenter as defendants. On May 30, 2001, the court issued summonses for all three defendants. On June 28, 2001, defendant Carpenter was served with the summons and complaint. Similarly, on July 1, 2001, defendant Robinson was served. However, it appears from the record that defendant Spice Restaurant & Lounge has not been served in this action.

On September 13, 2001, the magistrate judge assigned to this case directed plaintiff to show cause in writing to the undersigned judge by September 25, 2001, why the case should not be dismissed with prejudice for lack of prosecution. Plaintiff has failed to respond to the court's show cause order.

Prior to the court's issuance of the show cause order, on September 10, 2001, plaintiff asked the Clerk of the Court to enter default against defendants Robinson and Carpenter based upon their failure to respond to the complaint. On October 18, 2001, the Clerk of the Court entered default as requested.

● **Evidentiary Record**

Because the court has determined that defendants Carpenter and Robinson are in default, "the factual allegations of plaintiff's complaint, except those relating to the amount of damages, will be taken as true." *Beck v. Atlantic Contracting Co., Inc.*, 157 F.R.D. 61, 64 (D.Kan.1994). Ac-

cordingly, the following facts are established by the record.

● Defendant Spice Restaurant & Lounge, Inc. is a Kansas corporation authorized to transact business in Kansas City, Kansas.

● Defendants Carpenter and Robinson are owners of defendant Spice Restaurant & Lounge, Inc. and transacted business as "Spice Restaurant & Lounge" in Kansas City, Kansas.

● Plaintiff King Vision Pay–Per–View, Ltd. entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the November 13, 1999 Championship boxing match between Evander Holyfield and Lennox Lewis, from the Thomas and Mack Center in Las Vegas, Nevada, including undercard or preliminary bouts (hereinafter referred to collectively as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, and restaurants throughout Kansas.

● Plaintiff entered into the license agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Kansas.

● The closed-circuit broadcast of the Event was not intended for the use of the general public. In Kansas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by plaintiff.

● Pursuant to the license agreement, plaintiff marketed and distributed the closed-circuit rights granted to it. Plaintiff further contracted with establishments throughout Kansas and granted them the right to broadcast the Event in exchange for a fee.

- The transmission of the Event was electronically coded or "scrambled." In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.
- The transmission of the Event was available to defendants Carpenter and Robinson to purchase for broadcast in their Spice Restaurant & Lounge establishment. Had these defendants purchased the broadcast of the Event from plaintiff they would have been authorized to receive, transmit and publish the event in the Spice Restaurant & Lounge. Defendants did not contract with plaintiff to obtain the rights to broadcast the Event.
- The establishments that contracted with plaintiff to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.
- On November 13, 1999, defendants Carpenter and Robinson willfully intercepted and/or received the interstate communication of the Event. Alternatively, defendants Carpenter and Robinson assisted in the receipt of the interstate communication of the Event.
- Further, on November 13, 1999, defendants Carpenter and Robinson transmitted, divulged and published the communication of the Event, or assisted in transmitting, divulging and publishing the communication of the Event to patrons of Spice Restaurant & Lounge.
- Defendants Carpenter and Robinson avoided payment to plaintiff for the broadcast of the Event by taking the actions set out herein.
- Defendant Carpenter and Robinson's intent in intercepting the Event and publishing it to patrons of Spice Restaurant & Lounge was to secure a financial gain and commercial advantage.
- Defendants Carpenter and Robinson thereby enabled patrons of Spice Restaurant & Lounge to view the Event to which neither these two defendants nor the patrons were entitled.
- The persons to whom defendants Carpenter and Robinson permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by plaintiff.
- Defendants Carpenter and Robinson were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form at any time.
- Defendant Carpenter and Robinson's unauthorized exhibition of the telecast of the Event caused damage to plaintiff.

- **Default Judgment**

Plaintiff now asks this court to enter default judgment against defendants Carpenter and Robinson. Federal Rule of Civil Procedure 55 provides for entry of default and subsequent judgment of default where the opposing party has failed to plead or otherwise defend. Fed. R.Civ.P. 55; *Koch Eng'g Co. v. Currieo,* Civ. A. No. 86–1849–T, 1989 WL 39501 (D.Kan. March 20, 1989). The rule requires that a party respond to a complaint with some action to defend pursuant to the Federal Rules of Civil Procedure. Fed. R.Civ.P. 55; *see also Brooks v. Graber,* No. 00–2262–DES, 2000 WL 1679420, at *2 (D.Kan. Nov.6, 2000) (the rule "contemplates a complete failure of a party to address or confront a pending complaint"). Upon the entry of default on the record, a party is entitled to move for judgment by

default. Fed.R.Civ.P. 55; *Koch Eng'g Co.,* 1989 WL 39501, at *1.

■ When considering a motion for default judgment, the court must first determine that plaintiff has made a prima facie showing of the court's personal jurisdiction over the defaulting party. *Dennis Garberg & Assoc. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 772–73 (10th Cir.1997). While the court may hold a hearing to make this determination, it is not necessary to do so if the plaintiff's entitlement to relief is evident from the record. *Hamstein Music Co. v. Bait Shack, Inc.,* 2001 WL 709402, at *2 (D.Kan. May 17, 2001).

After prima facie evidence of the court's personal jurisdiction is determined, the court must turn its attention to the plaintiff's entitlement to the relief it seeks. Fed.R.Civ.P. 55(b).

● Discussion

● Personal Jurisdiction

Plaintiff has established this court's personal jurisdiction over defendants Carpenter and Robinson because the evidence in the record establishes that these two defendants had sufficient minimum contacts with the State of Kansas to confer jurisdiction upon Kansas courts.

■ Kansas courts determine whether they have personal jurisdiction over a party by examining (1) whether the court has jurisdiction over the party under the Kansas long-arm statute, and, if so, (2) whether the party in question has sufficient minimum contacts with the state to comport with the protections of constitutional due process. *Dennis Garberg,* 115 F.3d at 773. In actuality, the two elements merge into the latter one because Kansas's long arm statute allows Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause. *Hodgdon Powder Co., Inc. v. Clean Shot Techs., Inc.,* 92 F.Supp.2d 1170, 1173 (D.Kan.2000). Kansas courts have

previously recognized that where a defendant conducts business in Kansas, personal jurisdiction is proper. *See Brandi v. Belger Cartage Serv., Inc.,* 842 F.Supp. 1337, 1341 (D.Kan.1994) (noting that "there must be some act by which the defendant purposefully avails himself or herself of the privilege of conducting business or other activities in the forum state, thus invoking the benefits and protections of the laws") (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Although the record does not establish whether defendants Carpenter and Robinson are residents of Kansas, the evidence in the record shows that defendants Carpenter and Robinson conducted business in Kansas by operating Spice Restaurant & Lounge in Kansas City, Kansas. *www.ticketsolution.com,* Because the record shows that through their ownership and operation of Spice Restaurant & Lounge, defendants Carpenter and Robinson conducted business in Kansas, it is established that these two defendants had sufficient minimum contacts with Kansas to confer personal jurisdiction over them by this court. Thus, the court must now proceed to determine whether plaintiff has also produced evidence establishing that it is entitled to the relief it seeks.

● Plaintiff's Entitlement to Relief

Plaintiff's complaint presents two claims for relief. The first is a claim of theft of satellite communications under 47 U.S.C. § 605. Plaintiff's second claim is for theft of cable communications under 47 U.S.C. § 553. The evidentiary record establishes plaintiff's entitlement to relief on its claims.

● The § 605 Theft of Satellite Communications Claim

■ The record shows that plaintiff is entitled to relief on its claim under 47 U.S.C. § 605. Section 605 defines what

constitutes the unauthorized publication or use of electronic communications. 47 U.S.C. § 605(a). Specifically, § 605(a) provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." *Id.* Section 605 further provides that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." *Id.*

Here, the evidence in the record establishes that plaintiff was authorized to distribute for commercial gain the closed-circuit broadcast of the Event in Kansas. Defendants Carpenter and Robinson intercepted and published the Event at their Spice Restaurant & Lounge establishment located in Kansas. Defendants Carpenter and Robinson were not authorized by plaintiff to engage in these activities. Defendants Carpenter and Robinson intercepted and published the Event at their establishment, or assisted in doing these activities, for their own benefit or for the benefit of their patrons. Accordingly, the court finds the evidence establishes the elements of plaintiff's claim under § 605. Therefore, a judgment of default will be entered against defendants Carpenter and Robinson on plaintiff's § 605 claim.

● **The § 553 Theft of Cable Communications Claim**

The record shows that plaintiff is entitled to relief on its claim under 47 U.S.C. § 553. Section 553 defines what constitutes the unauthorized reception of cable services. 47 U.S.C. § 553(a). Specifically, § 553(a) provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications ser-

vice offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." *Id.*

Here, the evidence in the record establishes that defendants Carpenter and Robinson intercepted or received, or assisted in intercepting or receiving, communication of the Event offered over a cable system. Moreover, the evidence establishes that these defendants were not authorized to do so by any cable operator or by law. Accordingly, the court finds the evidence establishes the elements of plaintiff's claim under § 553. Therefore, a judgment of default will be entered against defendants Carpenter and Robinson on plaintiff's § 553 claim.

● **Damages Requested Under § 605 and § 553**

Plaintiff seeks statutory damages, attorneys' fees and costs under both statutory provisions. With regard to the relief requested under § 605, the statutory language provides that plaintiff "may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute further provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section." *Id.* § 605(e)(3)(C)(ii). Also, as relevant here § 605 provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Id.* § 605(e)(3)(B)(iii). Finally, § 605 specifies

that the "penalties under this subsection shall be in addition to those prescribed under any other provision of this subchapter." *Id.* § 605(e)(5).

Similarly, with regard to the relief requested under § 553, the statutory language provides that plaintiff "may recover an award of statutory damages for all violations involved in the action, in a sum of not less that $250 or more than $10,000 as the court considers just." *Id.* § 553(c)(3)(A)(ii). Section 553 further provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000." *Id.* § 553(c)(3)(B). Also, as relevant here § 553 provides that the court "may ... direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Id.* § 553(c)(2)(C).

The amount of statutory damages to be awarded is left to the discretion of the court. *Id.* § 605(e)(3)(C)(i)(II); *Time Warner Cable of New York City v. Olmo*, 977 F.Supp. 585, 589 (E.D.N.Y.1997). Here, the court's task is complicated by the defendants' failure to respond to the plaintiff's allegations. Based on the record before it, the court finds that it is reasonable to assume that the amount defendants

Carpenter and Robinson would have been charged by plaintiff for the event is approximately $3,500. (*See* Pl.'s Mot., Exh. A, Klauber Aff. at 2).[1] Although the court cannot determine with precision the advantage granted to these two defendants based on their failure to properly access the Event, plaintiff has submitted an affidavit indicating that defendants' establishment was observed to have approximately 175 patrons the night it improperly broadcast the Event.

Further, plaintiff has established that it was damaged by defendants improper acts, not only through the loss of the licensing fee, but also through a loss of good will to other establishments to whom it represented that the Event could be broadcast only by obtaining a license to do so through plaintiff. Moreover, plaintiff has established that defendants intercepted and broadcast the Event for their own personal financial and commercial gain and that these defendants charged an admission fee to their establishment of between $5 to $10 per patron the night of the Event.

Plaintiff seeks $110,000 in statutory damages under § 605, plus fees and costs. In addition, plaintiff seeks $60,000 in statutory damages under § 553, plus fees and costs. The court finds these amounts are unwarranted in this case, given the absence of evidence suggesting especially egregious circumstances.

---

1. Mr. Klauber's affidavit indicates that the sublicense fee to receive the Event was based on the capacity of the establishment. Mr. Klauber's affidavit indicates that the fee was based on "$20.00 times the maximum fire code occupancy of the commercial establishment purchasing the Event." (Klauber Aff. at 2). Although plaintiff represents in its memorandum in support of its motion for default judgment that plaintiff "would have requested from Spice Restaurant & Lounge a sublicense fee of approximately $1,500.00 in order to authorize it to broadcast the Event" (Pl.'s

Mem. at 9–10), this representation has no independent evidentiary support. Accordingly, the court concludes based upon the representation that defendant Carpenter and Robinson had approximately 175 patrons present in their Spice Restaurant & Lounge establishment (Pl.'s Mot., Exh. B. Adams Aff. at 1), that it is reasonable to find that $3,500 is the sublicense fee that would have been charged by plaintiff to defendants Carpenter and Robinson had they appropriately obtained the Event.

■ Accordingly, considering the record before it and exercising the discretion granted to it under the statute, the court hereby finds that statutory damages of $3,500, increased by an additional $1,500 for willfulness, are appropriate and just to redress collectively defendant Carpenter and Robinson's violation of § 605. Similarly, the court hereby finds that statutory damages of $3,500, increased by an additional $1,500 for willfulness, are appropriate and just to redress collectively defendant Carpenter and Robinson's violation of § 553. The court believes these amounts are sufficient to accomplish the purposes specified under the statute. In addition to this total of $10,000 in statutory damages, plaintiff is entitled under § 553(c)(2)(C) and § 605(e)(3)(B)(iii) to reasonable attorneys' fees and costs in the amount of $1,192.50, as set forth in affidavit submitted with plaintiff's present motion.

● **Show Cause Order**

As noted, the court issued a show cause order to plaintiff, directing it to show cause why the case should not be dismissed with prejudice for lack of prosecution under Fed.R.Civ.P. 41(b). Plaintiff has failed to respond to the court's order. Here, given plaintiff's request for the entry of default and the entry of default judgment, plaintiff appears to be prosecuting this case against defendants Carpenter and Robinson. However, plaintiff has failed to serve the summons issued by the court nearly one and one half years ago on defendant Spice Restaurant & Lounge, Inc.

Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint upon defendant within 120 days after the filing of the complaint. More than 120 days have passed since the filing of plaintiff's complaint on April 23, 2001. The record in this case reflects that plaintiff has failed to effect service upon defendant Spice Restaurant & Lounge, Inc. Ac-

cordingly, given plaintiff's failure to serve defendant Spice Restaurant & Lounge, Inc. within the time specified in Rule 4(m) and given plaintiff's failure to show cause to the court why dismissal for lack of prosecution should not be issued, the court hereby dismisses plaintiff's complaint with prejudice to the extent it asserted claims against defendant Spice Restaurant & Lounge, Inc.

● **Order**

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. 28) is granted in part. Judgment shall be entered in favor of plaintiff and against defendant Carpenter and Robinson collectively on Counts I and II of plaintiff's complaint in the total amount of $10,000 in statutory damages, consisting of $3,500 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $1,500 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $3,500 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), and $1,500 pursuant to 47 U.S.C. § 553(c)(3)(B), plus reasonable attorneys' fees and costs in the amount of $1,192.50 pursuant to 47 U.S.C. §§ 605(e)(3)(B)(iii) and 553(c)(2)(C).

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed with prejudice to the extent it asserts claims against defendant Spice Restaurant & Lounge, Inc.

IT IS SO ORDERED.