MICHAEL BRUGGEMAN, JACKSON NEWTON, AND MARK McGONIGAL v. MEDITRUST ACQUISITION COMPANY, MEDITRUST COMPANY, LLC, AND MEDITRUST GOLF GROUP, II, INC.

No. COA99-648

(Filed 5 July 2000)

**1. Jurisdiction— personal—minimum contacts—contract to locate golf courses**

The trial court properly denied MCLLC's motion to dismiss for lack of personal jurisdiction in an action arising from a contract with a realtor to locate golf courses for investment where defendant MCLLC contended that its contacts with North Carolina were not related to the case at hand and were insufficient, but MCLLC leased the property it owned in North Carolina, deriving income and availing itself of the benefits and protections of the laws of the State; MCLLC obtained authority to do business in North Carolina and maintained a registered agent; MCLLC had continuous and systematic contacts with North Carolina, even if they were not high in quantity; North Carolina has an interest in adjudicating a case involving one of its residents which allegedly

arose from a contract to locate property within the state; plaintiffs do not appear to have engaged in forum shopping; and it stands to reason that at least some of the evidence and witnesses are located in North Carolina.

### 2. Jurisdiction— personal—contract for services within North Carolina—failure to support allegations

An order denying defendant MAC's motion to dismiss for lack of personal jurisdiction was reversed where plaintiffs alleged that MAC had engaged plaintiff Bruggeman to procure real estate in North Carolina and that N.C.G.S. § 1-75.4(5)(a) conferred jurisdiction, defendants denied this allegation by means of an affidavit, and plaintiffs made no attempt to support their allegation with affidavits or otherwise. Additionally, plaintiffs could not rely upon MCLLC's activities within North Carolina to establish the requisite minimum contacts by MAC despite an allegation that the two had merged because defendants filed an affidavit that MAC and MCLLC were not parent and subsidiary and had not merged, and plaintiffs did not come forward with evidence refuting the affidavit and supporting their allegations.

Appeal by defendants from order entered 12 February 1999 by Judge Arnold O. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 14 March 2000.

*Johnson & Lambeth, by Robert White Johnson and Maynard M. Brown, for plaintiff-appellees.*

*Rountree & Seagle, L.L.P., by George K. Freeman, Jr., for defendant-appellants.*

MARTIN, Judge.

Plaintiffs Michael Bruggeman, Jackson Newton, and Mark McGonigal brought this action alleging that in January 1998, Meditrust Acquisition Company (MAC) engaged Bruggeman, a licensed real estate broker in Virginia and Maryland, as its agent to locate golf course properties for investment purposes by MAC. Bruggeman associated Newton, a real estate broker licensed in North Carolina, and McGonigal, a real estate broker licensed in New Jersey, to assist him.

Plaintiffs further alleged MAC is a Florida corporation with offices in Palm Beach, Florida, and that MAC merged with Meditrust

Company, LLC (MCLLC), a Delaware corporation with offices in Florida, in May 1998. Plaintiffs alleged that they procured several prospects, including Carolina Golf Services, for defendants and assisted defendants in procuring golf course assets of Carolina Golf Services in North Carolina and Virginia. They alleged that defendants contracted to purchase the properties located by plaintiffs and did not compensate plaintiffs for their services.

Defendants moved to dismiss the complaint for lack of personal jurisdiction, failure to state a claim upon which relief could be granted, failure to join a necessary party, and in the alternative, for a more definite statement. In the motion to dismiss for lack of personal jurisdiction and accompanying affidavit in support thereof, defendants denied contracting with any of plaintiffs to perform any services, denied a merger between MAC and MCLLC, and denied that either company had any contacts with North Carolina other than MCLLC's ownership of a parcel of land in Mecklenburg County which it leases to a third party and MCLLC's maintenance of a registered agent in North Carolina due to its status as a foreign company.

Plaintiffs subsequently moved to amend their complaint to add Meditrust Golf Group, II, Inc. (MGG), a Delaware corporation with offices in Massachusetts, as a defendant. Plaintiffs alleged that MAC had been acting on behalf of MCLLC and MGG, and that either MCLLC or MGG, using the information provided to MAC by plaintiffs, had actually purchased the properties located by plaintiffs. Plaintiffs seek compensation for the services allegedly rendered to defendants.

The trial court denied defendants' motions to dismiss, and allowed their motion for a more definite statement. Defendants MAC and MCLLC appeal from the order denying their motion to dismiss for lack of personal jurisdiction. Meditrust Golf Group, II, Inc. is not a party to the appeal.

---

[1] The sole issue presented by this appeal is whether the trial court properly denied defendants' motion to dismiss for lack of personal jurisdiction. The denial of a motion to dismiss for lack of jurisdiction is immediately appealable. N.C. Gen. Stat. § 1-277(b); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982).

In order for the courts of this State to exercise jurisdiction over the person of a nonresident defendant, (1) there must be statutory authority for the exercise of jurisdiction, and (2) the nonresident

BRUGGEMAN v. MEDITRUST ACQUISITION CO.

[138 N.C. App. 612 (2000)]

defendant must have sufficient contacts with this State such that the exercise of jurisdiction does not violate the federal due process clause. *See Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 394 S.E.2d 651 (1990). The allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged. *See Williams v. Institute for Computational Studies*, 85 N.C. App. 421, 355 S.E.2d 177 (1987). If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits. N.C. Gen. Stat. § 1A-1, Rule 43(e). If the court takes the latter option, the plaintiff has the initial burden of establishing *prima facie* that jurisdiction is proper. *Williams* at 424, 355 S.E.2d at 179. Of course, this procedure does not alleviate the plaintiff's ultimate burden of proving personal jurisdiction at an evidentiary hearing or at trial by a preponderance of the evidence. *See J.M. Thompson Co. v. Doral Mfg. Co. Inc.*, 72 N.C. App. 419, 324 S.E.2d 909, *disc. review denied*, 313 N.C. 602, 330 S.E.2d 611 (1985). Either party may request that the trial court make findings regarding personal jurisdiction, but in the absence of such request, findings are not required. *See id.; Georgia R.R. Bank & Trust Co. v. Eways*, 46 N.C. App. 466, 265 S.E.2d 637 (1980). In the case before us, the trial court's order contained no findings, but there is nothing in the record to show that either party requested them. Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings. *See Sherwood v. Sherwood*, 29 N.C. App. 112, 223 S.E.2d 509 (1976).

Other than plaintiffs' unverified complaint, the only other source of evidence of the presence or lack of personal jurisdiction in the record before us is the sworn affidavit of Michael Benjamin, senior vice president and general counsel for MCLLC and special counsel for MAC, which was attached to defendants' motion to dismiss. This affidavit contradicts almost every material allegation in plaintiffs' complaint. "Where unverified allegations in the complaint meet plaintiff's 'initial burden of proving the existence of jurisdiction . . . and defendant[s] d[o] not contradict plaintiff's allegations in their sworn affidavit,' such allegations are accepted as true and deemed controlling." *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998) (quoting *Bush v. BASF Wyandotte, Corp.*, 64 N.C. App. 41, 45, 306 S.E.2d 562, 565 (1983)). However, where, as in this case, defendants submit some form of evidence to counter plaintiffs' allegations, those allegations can no longer be taken as true or

controlling and plaintiffs cannot rest on the allegations of the complaint. *See Brandi v. Belger Cartage Serv., Inc.*, 842 F.Supp. 1337, 1339 (D.Kan. 1994) ("The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974) ("Where a motion to . . . dismiss is filed, supported by affidavits, the non-moving party may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction."); *Honeycutt v. Tour Carriage, Inc.*, 997 F.Supp. 694, 696 n.1 (W.D.N.C. 1996) ("Because Plaintiff did not respond in opposition to any of the motions filed by Defendants, the undersigned finds the facts as presented by Defendants."). In such a case, the plaintiff's burden of establishing *prima facie* that grounds for personal jurisdiction exist can still be satisfied if some form of evidence in the record supports the exercise of personal jurisdiction. *See Liberty Finance Co. v. North Augusta Computer Store*, 100 N.C. App. 279, 395 S.E.2d 709 (1990) (holding that a court could find the necessary competent evidence supporting personal jurisdiction in defendant's affidavits). Thus, in evaluating the appeal before us, we look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit for evidence supporting the presumed findings of the trial court.

G.S. § 1-75.4 is North Carolina's long-arm statute and confers jurisdiction over non-residents. Plaintiffs contend that G.S. § 1-75.4(1)(d), which confers personal jurisdiction "[i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who . . . (d) [i]s engaged in substantial activity within this State . . .," authorizes the exercise of personal jurisdiction over MCLLC because it engages in substantial activity in North Carolina. According to Mr. Benjamin's affidavit, MCLLC owns and leases a parcel of property in Mecklenburg County to a management company and maintains an agent for service of process in North Carolina. Although property ownership alone is insufficient to allow a non-resident to be subject to the personal jurisdiction of the courts of this State, *See Eways, supra,* we must determine whether MCLLC's leasing activities in this State would constitute "substantial activities."

In *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630-31 (1977), the North Carolina Supreme Court stated

that "G.S. 1-75.4(1)(d) . . . grants the courts of North Carolina the opportunity to exercise jurisdiction over defendant to the extent allowed by due process." In other words, when evaluating the existence of personal jurisdiction pursuant to G.S. § 1-75.4(1)(d), "the question of statutory authorization 'collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process.' " *Hanes Companies v. Ronson*, 712 F.Supp. 1223, 1226 (M.D.N.C. 1988) (citations omitted). Therefore, we proceed directly to the due process inquiry.

Defendant MCLLC contends that its contacts with North Carolina, being unrelated to the case at hand, are insufficient and thus an assertion of jurisdiction in this case would violate their rights to due process. We disagree.

> To satisfy the requirements of the due process clause, there must exist "certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " In each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws . . . . This relationship between the defendant and the forum must be "such that he should reasonably anticipate being haled into court there."

*Tom Togs, Inc. v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citations omitted). "Factors for determining existence of minimum contacts include '(1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties.' " *Cherry* at 632, 394 S.E.2d at 655 (citations omitted). In cases which arise from or are related to defendant's contacts with the forum, a court is said to exercise "specific jurisdiction" over the defendant. *See Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989). However, in cases such as the one before us, where defendant's contacts with the state are not related to the suit, an application of the doctrine of "general jurisdiction" is appropriate. *Id.* Under this doctrine, "jurisdiction may be asserted even if the cause of action is unrelated to defendant's activities in the forum as long as there are sufficient 'continuous and systematic' contacts between defendant and the forum state." *Id.* (citations omitted).

In *Hankins v. Somers*, two of the defendants conducted a business selling wire art products in North Carolina "to a substantial extent." 39 N.C. App. 617, 621, 251 S.E.2d 640, 643, *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979). This business was wholly unconnected with the action brought against them by the plaintiff. *Id.* However, this Court held that through such business activities, the defendants had purposely availed themselves of the benefits of conducting business in the State, and thus an assertion of personal jurisdiction over them did not violate due process. *Id.*

Similarly, the record before us indicates that defendant MCLLC, besides owning real property in North Carolina, is engaged in at least one substantial and ongoing profit-making venture in this State through the leasing of that property. We believe that such contacts with the state satisfy the requirements of due process, in particular the higher threshold of "general jurisdiction," by their "continuous and systematic" nature. *Fraser, supra; see Dillon, supra* (presence or absence of forum shopping plays role in due process inquiry). Moreover, plaintiff Newton is a North Carolina resident and the alleged activities for which plaintiffs seek compensation occurred here. *See Mabry v. Fuller-Shuwayer Co.*, 50 N.C. App. 245, 250, 273 S.E.2d 509, 512, (1981) ("less extensive contacts" are necessary when plaintiff is a resident of the forum state).

We hold that defendant MCLLC's contacts with North Carolina are sufficient to support the exercise of personal jurisdiction over it by the courts of this State. While mere ownership of property in North Carolina is not sufficient to establish the necessary minimum contacts, *Eways, supra*, MCLLC leases this property and thus derives income from it. In doing so, MCLLC avails itself to a greater degree of the benefits and protections of the laws of this State. Moreover, MCLLC has obtained authority to do business in North Carolina and maintains a registered agent here pursuant to G.S. § 57C-7-07. Although MCLLC does not have a high quantity of contacts with this State, the quality of those contacts, its ownership and leasing of real property are "continuous and systematic." *Fraser, supra.* Furthermore, North Carolina has an interest in adjudicating a case which involves one of its residents (plaintiff Newton) and which allegedly arose from a contract to locate property in the State. *See Tom Togs, Inc.* at 367, 348 S.E.2d at 787. In terms of convenience to the parties, plaintiffs do not appear to have engaged in "forum-shopping," having filed suit in the state in which they allegedly performed services for defendants. *Dillon* at 679, 231 S.E.2d at 632.

Furthermore, it stands to reason that at least some evidence and witnesses related to their allegations are located in North Carolina. *See Tom Togs, Inc., supra; Murphy v. Glafenhein*, 110 N.C. App. 830, 836, 431 S.E.2d 241, 245, *disc. review denied*, 335 N.C. 176, 436 S.E.2d 382 (1993) (indicating significance of location of witnesses and evidence in forum state to due process inquiry). For defendant MCLLC, after having purposely availed itself of the protection of the laws of North Carolina, being haled into court here cannot be considered overly burdensome. *See Murphy, supra; Dillon, supra*. Thus, we hold the exercise of personal jurisdiction over defendant MCLLC was proper and its motion to dismiss for lack of personal jurisdiction was properly denied.

**[2]** Plaintiffs contend that G.S. § 1-75.4(5)(a) applies to confer personal jurisdiction over defendant MAC. The statute permits personal jurisdiction in an action which:

a. Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; . . . .

Plaintiffs alleged defendant MAC "engaged" plaintiff Bruggeman to procure real estate in North Carolina and other states for investment purposes. For the reasons stated above, because defendants deny this allegation by means of Mr. Benjamin's affidavit and plaintiffs made no attempt to support the allegation with affidavits or otherwise, we hold it insufficient to establish a *prima facie* showing of long-arm jurisdiction under G.S. § 1-75.4(5)(a), thus obviating the necessity for a related due process inquiry. *See Cherry, supra*.

Plaintiffs also alleged that MAC and MCLLC had merged, and that MCLLC had obtained the benefit of MAC's contract with plaintiffs. This allegation was refuted by Mr. Benjamin's affidavit that "MAC and MCLLC are not parent and subsidiary one to the other, and neither has merged into the other, or been acquired by the other." Again, plaintiffs have not come forward with any evidence refuting the affidavit and supporting their allegations. There being no evidence of a legal relationship between MAC and MCLLC, plaintiffs may not rely upon MCLLC's activities within this State to establish the requisite minimum contacts by MAC. *See Cherry, supra*. Thus, we must hold that plaintiffs have failed to establish grounds for an assertion of personal jurisdiction over MAC and we reverse the order denying MAC's motion to dismiss for lack of personal jurisdiction.

We have noted defendants' arguments with respect to the illegality of the alleged contract which underlies this action due to plaintiff Bruggeman's failure to hold a North Carolina real estate license as required by G.S. § 93A-1. Because this argument is more properly directed to the merits of plaintiffs' claims, rather than the issue of personal jurisdiction, we decline to address the issue at this time.

The order denying MCLLC's motion to dismiss for lack of personal jurisdiction is affirmed; the order denying MAC's motion to dismiss for lack of personal jurisdiction is reversed.

Affirmed in part, reversed in part.

Judges WYNN and HUNTER concur.