HARRY E. STETSER, DALE E. NELSON, AND MICHAEL DE MONTBRUN, AND ON BEHALF
OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS V. TAP PHARMACEU-
TICAL PRODUCTS INC.; ABBOTT LABORATORIES; TAKEDA CHEMICAL
INDUSTRIES, LTD.; JOHNSON & JOHNSON; ETHICON ENDO-SURGERY, INC.;
INDIGO LASER CORPORATION; DAVID JETT; CHRISTOPHER COLEMAN;
SCOTT HIDALGO; AND EDDY JAMES HACK, DEFENDANTS

No. COA03-180

(Filed 3 February 2004)

**Jurisdiction— personal—general—specific**

The trial court erred by denying the motion of defendant
Japanese corporation to dismiss based on lack of personal juris-
diction in a class action conspiracy case involving the alleged
fraudulent marketing, pricing, and sales scheme of a cancer treat-
ment drug, because there was not a sufficient basis for finding
specific or general jurisdiction including that: (1) there was no
basis for specific jurisdiction when plaintiffs failed to provide
specific facts showing that defendant agreed to perform unlaw-
ful conduct even assuming a conspiracy theory of jurisdiction;
and (2) there was no basis for general jurisdiction when de-
fendant has not been authorized to do business in North Carolina
and has not maintained any offices here, defendant has not man-
ufactured, sold, or shipped any goods in North Carolina, de-
fendant does not own real property, has no telephone number,
and does not have a mailing address, and defendant's peripheral
contacts do not establish general jurisdiction under the totality
of circumstances.

Appeal by defendant from order entered 17 October 2002 by
Judge Paul L. Jones in New Hanover County Superior Court. Heard in
the Court of Appeals 29 October 2003.

*Marvin K. Blount, Jr., and Marvin K. Blount, III; and Kline &
Specter, P.C., by Donald E. Haviland, Jr., Terri Anne Benedetto,
and Louis C. Ricciardi for plaintiff appellees.*

*Ellis & Winters LLP, by Richard E. Ellis and Matthew W.
Sawchak, for Takeda Chemical Industries, Ltd., defendant
appellant.*

McCULLOUGH, Judge.

This case arises out of an order denying defendant Takeda's
motion to dismiss for lack of personal jurisdiction entered 17 October

2002. The pertinent facts are as follows: Plaintiffs are three North Carolina residents who purchased Lupron as part of their treatment for prostate cancer. Defendant Takeda Chemical Industries, Inc. (Takeda) is a Japanese corporation headquartered in Osaka, Japan. Plaintiffs allege that Takeda, TAP Pharmaceutical Products, Inc. (TAP), Abbott Laboratories, and other defendants violated various laws in connection with the marketing and pricing of Lupron in the United States. Plaintiffs allege that defendants were involved in a conspiracy consisting of a fraudulent marketing, pricing, and sales scheme to defraud Lupron patients.

Takeda manufactures Lupron in Japan, but it does not design, manufacture, package, sell, ship, or distribute Lupron in North Carolina. Under a license granted by Takeda, Lupron is marketed by a separate corporation located in Illinois, and sold in the United States by TAP's subsidiary, TAP Pharmaceuticals, Inc. Takeda indirectly owns 50% of TAP's stock. Abbott owns the other 50%. TAP maintains its own headquarters, has its own bank account, files its own taxes, holds regular Board of Directors meetings, and hires and fires its own personnel. TAP also runs its daily activities without instruction from Takeda.

From 1992 through December 2001, Takeda was not licensed or registered to do business in North Carolina. It did not own or lease land or maintain an address or telephone number in the state. Takeda did not manufacture any products, sell any goods, or earn any income from business in North Carolina. It did not even have a registered agent for service of process in North Carolina. Prior to January 2001, Takeda did have a subsidiary in North Carolina known as Takeda Vitamin and Food U.S.A., Inc. (TVFU). Although TVFU manufactured bulk vitamins, it had no involvement with Lupron.

Takeda did not have employees permanently assigned to work in the United States, but it did "second" employees to American subsidiaries from time to time. "Secondment" is a customary practice among Japanese corporations with foreign subsidiaries. Through this practice, an employee of the parent works for a period of time as an employee of the subsidiary. The United States subsidiary supervises the seconded employee and controls the manner in which the employee fulfills his or her responsibilities to the subsidiary. Takeda also maintained one bank account in Wilmington, North Carolina, for the purpose of settling accounts related to seconded employees. This account was closed by September of 1998.

Plaintiffs filed this class action suit on 31 December 2001, alleging a number of claims based on the sale and marketing of Lupron. On 17 October 2002, the trial court denied Takeda's motion to dismiss for lack of personal jurisdiction. Defendant appeals. On appeal, defendant argues that the trial court erred because there was no basis for general or specific jurisdiction. We agree and reverse the decision of the trial court.

When jurisdiction is challenged, plaintiff has the burden of proving that jurisdiction exists. *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 629-30, 394 S.E.2d 651, 654 (1990). In this case, the trial court made no findings of fact, and neither party made such a request. "Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18, *disc. review denied, appeal dismissed*, 353 N.C. 261, 546 S.E.2d 90 (2000). This Court has articulated the standard for determining personal jurisdiction:

> The determination of personal jurisdiction is a two-part inquiry. The trial court first must examine whether the exercise of jurisdiction over the defendant falls within North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, and then must determine whether the defendant has sufficient minimum contacts with North Carolina such that the exercise of jurisdiction is consistent with the due process clause of the Fourteenth Amendment to the United States Constitution.

*Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995). Takeda does not argue that it is beyond the reach of North Carolina's long-arm statute. Therefore, we must consider the remaining issue of due process.

To comply with due process, there must be minimum contacts between the nonresident defendant and the forum so that allowing the suit does not offend traditional notions of fair play and substantial justice. *Tom Toggs, Inc., v. Ben Elias Industries Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945)). "[T]here must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws;

**STETSER v. TAP PHARM. PRODS., INC.**

[162 N.C. App. 518 (2004)]

the unilateral activity within the forum state of others who claim some relationship with a non-resident defendant will not suffice." *Id.*

There are two kinds of personal jurisdiction: general and specific. A court may exercise specific jurisdiction only "[w]here the controversy arises out of the defendant's contacts with the forum state." *Id.* at 366, 348 S.E.2d at 786. The test for general jurisdiction is more stringent. *Id.* A court may exercise general jurisdiction where the cause of action is unrelated to defendant's activities with the forum state if there are "continuous and systematic" contacts between the defendant and the forum state. *Bruggeman,* 138 N.C. App. at 617, 532 S.E.2d at 219. With these principles in mind, we consider whether there was specific or general jurisdiction in this case.

## A. Specific Jurisdiction

A court may exercise specific jurisdiction only "[w]here the controversy arises out of the defendant's contacts with the forum state." *Tom Toggs, Inc.,* 318 N.C. at 366, 348 S.E.2d at 786. The alleged injuries must arise out of activities defendant "purposefully directed" toward the state's residents. *Id.*

Plaintiffs advance a conspiracy theory of personal jurisdiction alleging that defendants are subject to jurisdiction because defendants and their co-conspirators took steps to harm North Carolina residents. "Under the conspiracy theory of jurisdiction, a conspirator who has few contacts with a state may nonetheless be subject to the state's jurisdiction if substantial acts in furtherance of the conspiracy were performed in the state and the conspirator knew or should have known that these acts would be performed." *Hanes Companies, Inc. v. Ronson,* 712 F. Supp. 1223, 1229 (M.D.N.C. 1988). Two federal decisions from North Carolina apply the theory. *Id.*; *Gemini Enterprises, Inc. v. WFMY Television Corp.,* 470 F. Supp. 559, 565 (M.D.N.C. 1979). However, the Fourth Circuit has not adopted the conspiracy theory. *Boon Partners v. Advanced Financial Concepts, Inc.,* 917 F. Supp. 392, 397 (E.D.N.C. 1996). These diverging outcomes indicate a division among our federal courts and perhaps some reticence in implementing the theory. In reviewing our state's jurisprudence, it does not appear that our Supreme Court has ever adopted this theory and has instead relied on a more traditional analysis.

Even if we were to consider the conspiracy theory in this case, plaintiffs' conclusory allegations would be insufficient because plaintiffs have failed to provide specific facts showing that Takeda agreed

to perform unlawful conduct. Plaintiffs' alleged injuries arise from the marketing and sales of Lupron. However, a senior Takeda employee, Kenji Yagi, stated in his affidavit that "Takeda has no involvement in the marketing or sale of Lupron . . . to customers in the United States" and "Takeda has not engaged in activities relating to sales or marketing of Lupron to customers in North Carolina." Plaintiffs do not contest this assertion, but argue that Takeda is subject to jurisdiction due to the actions taken by TAP, or in the alternative, Takeda's own actions involving a subsidiary.

Plaintiffs also mention an agreement between the United States Attorney for the District of Massachusetts (the Government) and Takeda. In this Side Letter Agreement, Takeda promised to cooperate in a government investigation of TAP in exchange for a promise not to prosecute Takeda. Since Takeda made no admissions, entered no plea, and was never charged with any wrongdoing, it would be improper to use this agreement to imply misconduct by Takeda. Nothing in this letter represents any action taken by Takeda in North Carolina. Finally, we note that our decision on this issue is consistent with the conclusion reached by the Multidistrict Litigation Panel which considered nearly identical allegations. *In Re Lupron Marketing And Sales Practices Lit.*, 245 F. Supp. 2d 280 (2003). In its ruling, the panel upheld jurisdiction for Illinois because TAP is located there, but in Massachusetts, Alabama, and Minnesota, it found no basis for jurisdiction based on conclusory allegations of a conspiracy: "Assuming, however, that the conspiracy theory of jurisdiction could, in an appropriate factual context, pass federal constitutional scrutiny, due process requires more than a bare allegation of the existence of a conspiracy." *Id.* at 294. For these reasons, there was not a sufficient basis for our exercising specific jurisdiction in this case.

## B. General Jurisdiction

A court may exercise general jurisdiction where the defendant's activities are unrelated to the forum state as long as defendant maintains "continuous and systematic" contacts. *Bruggeman,* 138 N.C. App. at 617, 532 S.E.2d at 219. Courts consider a number of factors in this analysis, but no single factor is determinative; rather, the totality of the circumstances must be examined to determine whether the defendant's contacts are continuous and systematic. *Occidental Fire & Cas. v. Continental Ill. Nat'l Bk.*, 689 F. Supp. 564, 567 (E.D.N.C. 1988). "Whether the type of activity conducted

within the state is adequate to satisfy the due process requirements depends upon the facts of the particular case." *Ash v. Burnham Corp.*, 80 N.C. App. 459, 461, 343 S.E.2d 2, 3, *aff'd*, 318 N.C. 504, 349 S.E.2d 579, 580 (1986).

In this case, Takeda has not been authorized to do business in North Carolina, and it has not maintained any offices here. Takeda has not manufactured, sold, or shipped any goods in North Carolina. It does not own real property, has no telephone number, and does not have a mailing address. The only other contacts between Takeda and North Carolina are a few "seconded" employees and one bank account in Wilmington which was closed three years before the instant case was filed. We conclude that these peripheral contacts do not establish general jurisdiction under the totality of the circumstances. Since the contacts with North Carolina are so attenuated, the defendant would not " 'reasonably anticipate being haled into court' " here. *Tom Toggs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786 (citation omitted). Indeed, significantly greater contacts by nonresident defendants have been held insufficient to provide a basis for general jurisdiction. For example, a boiler manufacturer used independent contractors to solicit orders in North Carolina and advertised in magazines that reached North Carolina. *Ash*, 80 N.C. App. at 461-62, 343 S.E.2d at 3-4. Nevertheless, this Court found that "these contacts with North Carolina [were] not so 'continuous and systematic' as to warrant the exercise of *in personam* jurisdiction." *Id.* at 462, 343 S.E.2d at 4. Finally, since the test for general jurisdiction is more stringent than the test for specific jurisdiction, we conclude that general jurisdiction has not been established in this case.

After a careful review of the record and the arguments of the parties, we conclude that there was not a sufficient basis for finding specific or general jurisdiction. Thus, the trial court's order denying defendant's motion to dismiss for lack of personal jurisdiction is

Reversed.

Judges TYSON and BRYANT concur.