SAFT AMERICA INC. v. PLAINVIEW BATTERIES, INC., ENERGEX BATTERIES, INC., BERNIE R. ERDE, AND RUSSELL J. BLEEKER

No. 204A08

(Filed 6 February 2009)

**Jurisdiction— personal jurisdiction—corporate officer and shareholder—minimum contacts with this state**

The decision of the Court of Appeals that a nonresident corporate officer and principal shareholder had insufficient minimum contacts with this state to permit the exercise of personal jurisdiction over him in an action for breach of contract and unjust enrichment based upon unpaid purchase orders for goods delivered to two corporations is reversed for the reasons stated in dissenting opinion that the corporate actions of a defendant who is also an officer and principal shareholder of a corporation may be imputed to him for the purpose of deciding the issue of personal jurisdiction, and defendant had sufficient minimum contacts with this state so that the exercise of personal jurisdiction over him did not violate due process where it was undisputed that defendant was an officer and principal shareholder of both corporations; he visited this state at least once to conduct business

SAFT AM., INC. v. PLAINVIEW BATTERIES, INC.

[363 N.C. 5 (2009)]

with plaintiff; he negotiated the terms of the pertinent contracts and was otherwise personally involved in the transactions at issue; and the contract was to be performed in this state.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 189 N.C. App. ——, 659 S.E.2d 39 (2008), affirming in part and reversing in part an order denying motions to dismiss entered on 5 April 2007 by Judge David S. Cayer in Superior Court, Burke County, and remanding for further proceedings. On 26 August 2008, the Supreme Court allowed a petition by defendant Energex Batteries, Inc. for discretionary review of additional issues. Heard in the Supreme Court 15 December 2008.

*Moore & Van Allen PLLC, by Anthony T. Lathrop and Michael T. Champion, for plaintiff-appellant/appellee.*

*Law Offices of Scott M. Zucker Esq., by Cameron Gilbert, pro hac vice, for defendant-appellant Energex Batteries, Inc.*

*Byrd, Byrd, Ervin, Whisnat & McMahon, P.A., by Lawrence D. McMahon, Jr.; and Law Offices of Scott M. Zucker Esq., by Cameron Gilbert, pro hac vice, for defendant-appellee Bernie R. Erde.*

*No brief for defendants Plainview Batteries, Inc. and Russell J. Bleeker.*

PER CURIAM.

As to the issue of the trial court's personal jurisdiction over defendant Bernie R. Erde, we reverse the decision of the Court of Appeals majority for the reasons stated in the dissenting opinion and instruct that court to reinstate the trial court's denial of Mr. Erde's motion to dismiss. We further conclude that the petition of defendant Energex Batteries, Inc. for discretionary review as to additional issues was improvidently allowed.

REVERSED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.

Justice TIMMONS-GOODSON did not participate in the consideration or decision of this case.